UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DONALD and DEBORAH JONES,
individually, and on behalf of all those
similarly situated,

      Plaintiffs,

VS                                                         **CASE NO. 3:05CV392-RS**

HARTFORD INSURANCE COMPANY
OF THE MIDWEST,

      Defendant.

## ORDER

Before the Court are (1) Plaintiffs' Motion for Class Certification (Doc. 33); (2) Defendant's Motion to Strike Plaintiffs' Motion for Class Certification As Untimely Or, In The Alternative, To Stay Class Certification Proceedings Or Extend Time for Defendant To Respond To Plaintiffs' Motion For Class Certification (Doc. 35); and (3) Plaintiffs' Response (Doc. 40).

Defendant contends that Plaintiff's Motion for Class Certification (Doc. 33) should be stricken as untimely because it was not filed within ninety days after the filing of the Complaint as required by Local Rule 23.1(B). The Complaint was filed on October 14, 2005. Plaintiff's Motion for Class Certification (Doc. 33) was filed on March 24, 2006, 161 days after the Complaint was filed. Local Rule 23.1(B) provides:

> Within ninety (90) days after the filing of a complaint in a class action, unless this period is extended on motion for good cause appearing, the plaintiff shall move for a determination under Fed. R. Civ. P. 23(c)(1), as to whether the case is to be maintained as a class action.

Plaintiffs did not file a motion to extend the deadline to move for class certification. Instead, Plaintiffs filed an Amended Complaint (Doc. 39) on April 12, 2006, implicitly suggesting that the filing of an amended complaint resets the deadline in which to file a motion for class certification. Therefore, Plaintiffs contend that Defendant's

Motion to Strike (Doc. 35) is moot.

The plain language of Local Rule 23.1(B) is clear and unambiguous. The rule commands that the motion for class determination must be filed within ninety days after filing a complaint, not after filing a subsequent amended complaint. To permit an amended complaint to reset the ninety day deadline would frustrate the purpose of Fed. R. Civ. P. 23(c)(1)(A) which requires the court to determine at "an early practicable time . . . whether to certify the action as a class action."

> A timely motion for class certification is premised on sound practical considerations. Delay by a representative plaintiff impedes the court's consideration of the issue and may prejudice the rights of the class members. Judge Frankel of the Southern District of New York has observed: ' . . . pertinent statutes of limitation may be running and important interests may be exposed to injury or destruction. There is no limitations problem, of course, if the suit is eventually held properly maintainable as a class action. But that can be known only after, not before, the determination under (c)(1). And while the determination is delayed, members of a putative plaintiff class may be led by the very existence of the lawsuit to neglect their rights until after a negative ruling on this question - by which time it may be too late for the filing of independent actions.'

Williams v. Southern Bell Telephone and Telegraph Co., 1978 U.S. Dist. LEXIS 18582, *6-*7 (S.D. Fla. 1978) (quoting Frankel, Some Preliminary Observations Concerning Civil Rule 23, 43 F.R.D. 39, 40 (1968)).

If the filing of an amended complaint could reset the ninety-day deadline prescribed by Local Rule 23.1(B), a plaintiff could easily circumvent the timeliness concerns of Fed. R. Civ. P. 23(c)(1)(A) by invoking its right to file an amended complaint at any time as a matter of course before a responsive pleading is served under Fed. R. Civ. P. 15(a). Because an amended complaint could conceivably be filed several *months* or, even *years*, after the commencement of the action so long as a responsive pleading has not yet been served, such a result would subvert the interests of diligence required by Fed. R. Civ. P. 23(c)(1)(A). Local Rule 23.1(B) was written to further the interests of Fed. R. Civ. P. 23(c)(1)(A), not to hamper them. See, e.g., Joseph N. Main P.C. v. Electronic Data Sys. Corp., 168 F.RD. 573, 577 (N.D. Tex. 1996) (holding, under local rule identical to N.D. Fla. Local Rule 23.1(B) inasmuch as both rules refer to "a

complaint," that ninety-day period began running on date of removal to federal court and not on date of filing an amended complaint in federal court; striking class allegations because motion for class certification was untimely).

In addition, this Court is unaware of a local rule from any district which would permit the filing of an amended complaint to toll the ninety-day period of time in which to file a motion for class certification.  See, e.g., M.D. Fla. Local Rule 4.04(b) (motion for class certification must be filed "[w]ithin ninety (90) days following the filing of the *initial* complaint"); N.D. Ga.  Local Rule 23.1(B) (plaintiff shall move "within ninety (90) days after *the complaint* is filed for a determination . . . as to whether the suit may be maintained as a class action"); C.D. Cal. Local Rule 23-3 (motion for class certification must be filed "within 90 days of *a pleading* purporting to commence a class action"). N.D. Fla. Local Rule 23.1(B) is virtually identical to Local Rule 23.1(B) of the Eastern District of Louisiana (motion for class certification shall be filed "[w]ithin 90 days after the filing of *a* complaint").  Louisiana courts have not hesitated to substitute "the" for "a," implying that it is the initial complaint and not *any* complaint that commences the ninety-day period of time in which to file a motion for class certification.  See Williamson v. Swiss Reinsurance America Corp., 2003 U.S. Dist. LEXIS 17934, *3 (E.D. La. 2003) ("Local  Rule 23.1(B) mandates that the plaintiff move for class certification within 90 days after the filing of *the* complaint . . .") (emphasis added); In re Alex Cook v. Illinois Central R.R. Co., 1995 U.S. Dist. LEXIS 3387, *2 (E.D. La. 1995) ("the plaintiff shall move for certification within ninety days of the filing of *the* complaint") (emphasis added).  By failing to file the motion for class certification within ninety days of the filing of the complaint, Plaintiffs have therefore failed to comply with N.D. Fla. Local Rule 23.1(B).

This Court must then determine the consequences of Plaintiff's failure to comply with N.D. Fla. Local Rule 23.1(B).  In Martinez-Mendoza v. Champion Int'l Corp., 340 F.3d 1200 (11th Cir. 2003), the Eleventh Circuit held that the trial court erred when it failed to address the class certification issue on its merits and instead deferred a ruling on the issue until it considered the parties' cross motions for summary judgment. Because the trial court granted summary judgment in favor of the defendant, it incorrectly reasoned that it could avoid the class certification issue altogether.  The

Eleventh Circuit disagreed stating that "Under Rule 23(c)(1) "[t]he trial court has an independent obligation to decide whether an action was properly brought as a class action, even where . . . neither party moves for a ruling on class certification." Id. at 1216 (quoting McGowan v. Faulkner Concrete Pipe Co., 659 F.2d 554, 559 (5th Cir. Unit A Oct. 1981)).  The Martinez-Mendoza court qualified its decision, however, by stating that

> We are aware of Local Rule 23.1(B) for the Northern District of Florida, which imposes on class action plaintiffs a duty to move for class certification within ninety days of filing their complaint. Our opinion should not be read to limit the district court's application of the local rules or the court's ability to sanction plaintiffs for noncompliance with the rules.

Id. at 1216.

This language, when read in conjunction with the requirements for class certification and the interpretations of those requirements from other courts, warrants denial of Plaintiff's Motion for Class Certification (Doc. 33).  Although courts have held that an untimely request for class certification is not a bar to the maintenance of a class action because the trial court is "independently obligated" to decide whether an action should be brought on a class action basis, the United States Supreme Court has held that failing to move for class certification is a direct assault on the merits of the request for class certification.  East Texas Motor Freight System, Inc. v. Rodriguez, 431 U.S. 395, 405, 97 S. Ct. 1891, 1897 (1977).  Fed. R. Civ. P. 23(a)(4) requires that the case be prosecuted by one who will "adequately protect the interests of the class."  Thus, failing to move for class certification constitutes a "failure to protect the interests of class members" and "surely bears strongly on the adequacy of the representation that those class members might expect to receive."  East Texas Motor Freight System, Inc. v. Rodriguez, 431 U.S. 395, 405, 97 S. Ct. 1891, 1897 (1977).  This reasoning can be extended to the inexcusable delay in moving for class certification.  See Williams v. Southern Bell Telephone and Telegraph Co., 1978 U.S. Dist. LEXIS at * 3-*4 (failure of plaintiff to properly and timely move for class determination "raises serious questions as to whether he will fairly and adequately represent the class and protect their interests"). Even if defendants have not been prejudiced by the delay, "the public business of the

court . . . has been hampered and delayed." Walker v. Columbia University, 62 F.R.D. 63, 64 (S.D. N.Y. 1974) (denying class certification even where defendants were not prejudiced because motion to certify class was untimely).

Plaintiffs have not offered a valid excuse, nor any excuse at all, for their failure to make a timely motion for class certification. Instead, the Amended Complaint merely alters paragraphs 22-26 of the initial Complaint. Those changes raise no new issues of substance. Plaintiffs' Amended Complaint is clearly a pretext to circumvent the requirement of Local Rule 23.1(B). In conclusion, Plaintiffs will not "fairly and adequately protect the interests of the class" as required by Fed. R. Civ. P. 23(a)(4) because

(1) Plaintiffs' failed to make a timely motion for class certification under Local Rule 23.1(B);

(2) Plaintiffs' failed to justify their delay in filing the motion for class certification; and

(3) Plaintiffs' filed an Amended Complaint in an attempt to pretextually circumvent the requirements of Local Rule 23.1(B).

IT IS ORDERED that Plaintiff's Motion for Class Certification (Doc. 33) and all allegations in the Amended Complaint which pertain to a class action are stricken.

ORDERED on April 14, 2006.

/s/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**